UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2012 FEB 29  PM 3: 10

| | |
|---|---|
| LSI Corporation,<br>dba LSI Logic Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Vizio, Inc.,<br><br>　　　　　Defendant. | Case No. MISC.<br><br>[related to Civil Action No. 8:10-cv-1602-AG-AJW pending in the United States District Court for the Central District of California]<br><br>**A12MC0191 LY** |

### NON-PARTY MEDIATEK WIRELESS, INC. AND NON-PARTY WADE BUCKNER'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, <u>MOTION FOR A PROTECTIVE ORDER</u>

Dated: February 29, 2012

　　　　　　　　　　[signature]
Leslie Thorne (State Bar No. 24046974)
HAYNES AND BOONE, LLP
600 Congress Avenue – Suite 1300
Austin, TX  78701
Tel.: 512.867.8400
Fax:  512.867.8470
Email:  leslie.thorne@haynesboone.com

Attorneys for MEDIATEK WIRELESS, INC.
and WADE BUCKNER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Non-Party MediaTek Wireless, Inc. ("MediaTek Wireless") and non-party Wade Buckner hereby move for an order quashing (1) the "Subpoena to Testify at a Deposition in a Civil Action" that was attempted to be served on MediaTek Wireless, and (2) the "Subpoena to Testify at a Deposition in a Civil Action" served on Wade Buckner, both of which were issued from this Court, dated February 16, 2012, and prepared by LSI Corporation ("LSI") in relation to *LSI Corporation, dba LSI Logic Corporation v. Vizio, Inc.*, Civil Action No. 8:10-cv-1602-AG-AJW pending in the United States District Court for the Central District of California (the "Subpoenas").[1] In the alternative, MediaTek Wireless and Wade Buckner hereby move for a protective order prohibiting the taking of any deposition testimony pursuant to the Subpoenas. MediaTek Wireless and Wade Buckner's motions are made pursuant to Rules 26(b)(1), 26(c), and 45(c)(3)(A) of the Federal Rules of Civil Procedure. In support of these motions, MediaTek Wireless and Wade Buckner submit the Memorandum of Points and Authorities below and the following supporting evidence:

1. The Declaration of Kou-Hung Loh, attached hereto as Exhibit 1;
2. The Declaration of Wade Buckner, attached hereto as Exhibit 2; and
3. The Declaration of John M. Hintz, attached hereto as Exhibit 3.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND STATEMENT OF FACTS**

LSI is the plaintiff in an action against Vizio, Inc. ("Vizio") pending in the United States District Court for the Central District of California. (*See* Declaration of John M. Hintz, Ex. 3, at Ex. A (caption on the Subpoena)). MediaTek Wireless is a non-party to that action.

---

[1] True and correct copies of the Subpoenas appear as Exhibits A and B to the Declaration of John M. Hintz, attached hereto as Exhibit 3.

(Declaration of Kou-Hung Loh, Ex. 1, ¶ 3). Wade Buckner is a non-party to that action. (Declaration of Wade Buckner, Ex. 2, ¶ 3).

MediaTek Wireless has locations in Massachusetts, and is a subsidiary of MediaTek Inc. which is located in Taiwan. (Loh Decl., Ex. 1, ¶¶ 4, 5). MediaTek Wireless used to have a location in Austin, Texas, but now that location belongs to MediaTek USA Inc. ("MediaTek USA"). (Buckner Decl., Ex. 2, ¶ 5). MediaTek USA, located in San Jose, California, also is a subsidiary of MediaTek Inc. (Loh Decl., Ex. 1, ¶ 4).

The Subpoenas are two of nine subpoenas that LSI has served on MediaTek USA, MediaTek Wireless, and Wade Buckner. On June 10, 2011, LSI served two subpoenas, one for documents and one for a deposition, on "Mediatek USA Inc. c/o Kou-Hung Loh as registered agent for Mediatek." (Hintz Decl., Ex. 3, at Exs. C and D). These subpoenas sought detailed information about specific products designed and sold by MediaTek Inc. (*See Id.*). MediaTek Inc., on its own behalf and on behalf of MediaTek USA, served objections. (Hintz Decl., Ex. 3, ¶ 6). Although MediaTek Inc. had not been served, MediaTek Inc., through its outside counsel, engaged in extensive communications with LSI's counsel in an attempt to understand the type of information that LSI was seeking and voluntarily to provide that information, under a suitable protective order, for the parties' use in the lawsuit between LSI and Vizio. (*Id.*, ¶ 7). Ultimately, MediaTek Inc. made three productions of documents and computer code; however, LSI wanted additional information. (*Id.*, ¶ 8).

On January 25, 2012, LSI delivered a cover letter and a subpoena addressed to "MediaTek, Inc. c/o MediaTek USA Inc., as general manager for MediaTek, Inc." (Hintz Decl., Ex. 3, Ex. E). The next day, LSI attempted to serve two subpoenas on MediaTek Wireless, one each addressed to locations in Massachusetts and Texas. (*See* Hintz Decl., Ex. 3, at Exs. F and

G). Each of the three January subpoenas contained identical descriptions of the types of documents sought – highly technical documents about twenty specifically identified computer chips sold by MediaTek Inc. and documents about the methods by which those chips and any other MediaTek Inc. chips used in Vizio's products decode audio and video signals. (*See* Hintz Decl., Ex. 3, Exs. E, F, and G).

Although MediaTek Inc. had not been served (because service again had been made on MediaTek Inc.'s subsidiaries, and not MediaTek Inc., and neither MediaTek USA nor MediaTek Wireless is a "general manager" of MediaTek Inc. (*see* Loh Decl., Ex. 1, ¶¶ 4, 5)), MediaTek Inc.'s counsel again engaged in communications with LSI's counsel in an attempt to understand the type of information that LSI was seeking. (Hintz Decl., Ex. 3, ¶ 13). During these communications, LSI's counsel stated that LSI was facing "aggressive deadlines" in March in the action between LSI and Vizio. (*Id.*). Counsel for MediaTek Inc. informed LSI's counsel that MediaTek Inc. was continuing to search for documents and computer code that was requested by LSI, but that MediaTek Inc. was having trouble locating some of the code because it was for an old product and that MediaTek Inc. was unable to determine what other code LSI was seeking because LSI had not provided a version number that was recognizable under MediaTek Inc.'s naming conventions. (*Id.*). The subpoenaed parties also served written objections. (*Id.*, ¶ 14).

In mid-February, LSI served the Subpoenas at issue here, and LSI served identical deposition subpoenas on MediaTek USA and MediaTek Wireless' Massachusetts location. (*See* Hintz Decl., Ex. 3, at Exs. A, B, H, and I). In the Subpoenas and in the two other deposition subpoenas, LSI does not seek technical information about MediaTek Inc.'s products that are incorporated in Vizio's products – rather, LSI seeks information about MediaTek Inc.'s internal communications systems and the ability, or lack thereof, for any MediaTek entity to obtain

information from other MediaTek entities. (*See* Hintz Decl., Ex. 3, at Exs. A, H, and I).

Specifically:

- "The ability of any member of the MediaTek Corporate Group [a term defined by LSI] to access or obtain information from any other member of the MediaTek Corporate Group" regarding various topics (Topic 1);

- "The manner, means, methods, or devices by which members of the MediaTek Corporate Group communicate with each other …" (Topic 2);

- "The manner, means, methods, or devices by which members of the MediaTek Corporate Group communicate when working with and managing multi-site and multi-cultural teams both domestically and internationally" (Topic 3);

- "Access to databases maintained by any member of the MediaTek Corporate Group … by other members of the MediaTek Corporate Group" (Topic 4);

- "Any and all means … by which any member of the MediaTek Corporate Group may access or obtain information regarding" specified topics (Topic 5);

- "Any and all methods or means … by which MediaTek or any member of the MediaTek Corporate Group may access" specified information (Topic 6);

- "The location(s) of all (a) sales and marketing data, (b) financial data, (c) design data, (d) Decoder Development Data, (e) technical data or information, and (f) any local or central repository for backup or storage of communications among the members of the MediaTek Corporate Group" (Topic 7); and

- "The description, nature, and identification of any documents provided to You by AmTran or Vizio pertaining to any Vizio products made, assembled, or sold to AmTran since January 1, 2004" (Topic 8).

At no time prior to or after serving the Subpoenas (or the two other deposition subpoenas) did LSI confer with counsel for MediaTek Wireless and Wade Buckner about a date on which LSI could conduct a deposition of MediaTek Wireless or Wade Buckner. (Hintz Decl., Ex. 3, ¶ 18).

On February 27, MediaTek Inc.'s counsel informed LSI's counsel that MediaTek Inc. would be sending a CD containing computer code that LSI was seeking. (Hintz Decl., Ex. 3, ¶ 19). MediaTek Inc.'s counsel asked LSI's counsel if, based on that production, LSI would withdraw the Subpoenas at issue here and the two other deposition subpoenas that LSI had

served. (*Id.*). LSI's counsel did not agree to do so, but said he would consider it if MediaTek Inc. produced the computer code LSI was seeking. (*Id.*).

## II.   ARGUMENT

### A.   Standards For Discovery Under Rules 26 and 45

Non-parties are afforded "special protection" from the broad reach of discovery. *Exxon Shipping Co. v. Dep't of the Interior*, 34 F.3d 774, 779 (9th Cir. 1994) ("The Federal Rules also afford non-parties special protection against the time and expense of complying with subpoenas.") (citing Fed. R. Civ. P. 45(c)(3)(A)(ii)).

Under the Federal Rules, the cornerstone of discovery is relevance which, although accorded a broad treatment, "has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The burden is on a party seeking discovery to demonstrate the relevance of the information sought to the subject matter of the underlying action:

> Once an objection to the relevance of the information sought is raised, the burden shifts to the party seeking the information to demonstrate that the requests are relevant to the subject matter involved in the pending action. … The party seeking discovery must be able to "articulate the possible linkage between the discovery sought and admissible evidence."

*Allen v. Howmedica Leibinger GmbH*, 190 F.R.D. 518, 522 (W.D. Tenn. 1999) (citations omitted).

Even if relevance is demonstrated, the interests of a non-party in avoiding "annoyance, embarrassment, oppression, or undue burden or expense" must be considered. Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 45(c)(3)(A)(iv) (instructing courts that they "must quash or modify a subpoena" if it "subjects a person to undue burden"). In analyzing burden, a court should balance the needs of the requesting party with the burden imposed on the non-party, considering, among other things, the relevance of the requested information, the breadth of the requests, and the time period covered by the requests. *See Bagwell v. Rival Consumer Sales*

*Corp.*, 2006 WL 2883137, at *2 (W.D. Tex. Sep. 19, 2006) (listing several factors and citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)); *Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (stating that a court balances relevance, need, and potential hardship in ruling on a motion to quash); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (describing the factors, such as relevance, the breadth of the requests, and the burden imposed, considered in ruling on a motion to quash); *Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (discussing balancing the need for discovery "and the status of a person or entity as a non-party [which] is a factor which weighs against disclosure").

If the party seeking discovery fails to prove relevance or need, the result is straightforward: "Where proof of either relevance or need is not established, discovery is properly denied." *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 743 (Fed. Cir. 1987) (citing, among other decisions, *Hartley Pen Co. v. United States Dist. Court*, 287 F.2d 324, 330-31 (9th Cir. 1961)).

The Federal Rules mandate that, "[o]n timely motion, the issuing court *must* quash or modify a subpoena" if the subpoena "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i) and (iv). A motion to quash a subpoena is timely if it is served "anytime before the subpoenas' return date." *See In re Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y. 1998).

"Where information sought by discovery is relevant but places an undue burden on the producing party, discovery will be denied." *Allen*, 190 F.R.D. at 525. "A facially overbroad subpoena is unduly burdensome." *Cmedia, LLC v. Lifekey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998);

*see also Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (affirming order quashing subpoena and awarding attorneys' fees because the subpoena was "overly broad and served for an improper purpose"); *Bagwell*, 2006 WL 2883137, at *2.

A subpoena may be found overly broad if it seeks information for an extended time period or for an unlimited number of products. *See, e.g., Moon*, 232 F.R.D. at 637-38 (finding requests in a subpoena "overbroad on [their] face" by seeking "information over a ten year or greater period" and "*all* pool winter covers, not only those 'within the Far East Region,'" the region at issue in the underlying action (brackets and emphasis in original)). A subpoena also may be found unduly burdensome when it is repetitive of other subpoenas. *See In re Nova Biomedical*, 182 F.R.D. at 423 (finding no error in quashing subpoenas that were "unreasonably cumulative or duplicative").

As demonstrated herein, LSI's Subpoenas do not seek information relevant to the subject matter of the underlying action, LSI's requests are overly broad and subject MediaTek Wireless and Wade Buckner to undue burden, LSI did not allow sufficient time for compliance with the Subpoenas, and Wade Buckner's deposition will not result in any relevant evidence nor will it lead to the discovery of relevant evidence. Accordingly, this Court should quash the Subpoenas and/or enter a protective order commanding that the depositions sought by LSI may not be taken.

### B.      The Subpoenas Do Not Seek Relevant Information And Are Overly Broad

LSI seeks deposition testimony on topics that are not relevant to the underlying action. The underlying action is a patent infringement lawsuit. But in the first six of the eight topics in the subpoena to MediaTek Wireless, LSI seeks testimony about MediaTek Inc.'s internal communications systems and the ability, or lack thereof, for any MediaTek entity to obtain

information from other MediaTek entities. (*See* Hintz Decl., Ex. 3, at Exs. A, H, and I, Topics 1-6).

The final two topics for which LSI seeks deposition testimony from MediaTek Wireless are broader and even less related to the subject matter of the underlying lawsuit between LSI and Vizio. Specifically, Topic 7 seeks the location of "all" documents related to "(a) sales and marketing data, (b) financial data, (c) design data, (d) Decoder Development Data, (e) technical data or information, and (f) any local or central repository for backup or storage of communications among the members of the MediaTek Corporate Group" (*see* Hintz Decl., Ex. 3, at Exs. A, H, and I, Topic 7), and Topic 8 seeks the "description, nature, and identification of any documents provided to You by AmTran or Vizio pertaining to any Vizio products made, assembled, or sold to AmTran since January 1, 2004" (*see* Hintz Decl., Ex. 3, at Exs. A, H, and I, Topic 8). None of these topics refer to the Vizio products at issue in the underlying action nor do they refer to any of the twenty or so chips that LSI specifically identified in its subpoenas dated June 10, 2011, and January 25 and 26, 2012. (*See* Hintz Decl., Ex. 3, at Ex. A to Exs. C, D, E, F, and G). These topics simply seek <u>all</u> information for an <u>unlimited time</u> on disparate and broad topics unrelated to any specific products.

LSI's subpoena to MediaTek Wireless should be quashed because the topics are facially overbroad, seek information about "all" documents on broad topics, seek information for either an 8-year period (in one instance) or an unbounded time period (in all other instances), and do not seek technical information related to the specific products or to the issues in the underlying action. *See Mattel, Inc.*, 353 F.3d at 813-14; *Moon*, 232 F.R.D. at 637-38; *Cmedia*, 216 F.R.D. at 389; *Allen*, 190 F.R.D. at 522. LSI's Subpoenas should be quashed because LSI "is unmoored and trolling." *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990)

("While the expression 'fishing expedition' has been generally denigrated as a reason for objecting to discovery, in some situations, such as the one at hand, it remains apt. ... Micro Motion here is unmoored and trolling.").

### C. The Subpoenas Did Not Provide Adequate Time For Compliance

A court *shall* quash a subpoena if the subpoena "fails to allow reasonable time for compliance." Fed. R. Civ. P. 45(c)(3)(A)(i). The Subpoenas were dated February 16, 2012, and sought a deposition of Wade Buckner on March 1, 2012, and a deposition of MediaTek Wireless on March 2, 2012. (*See* Hintz Decl., Ex. 3, at Exs. A and B). LSI set the dates for these depositions without consulting MediaTek Wireless or Wade Buckner either before or after serving the Subpoena in disregard of the realities of business and in disrespect of the time of MediaTek Wireless' employees. A mere two weeks is not adequate time for MediaTek Wireless to identify the witnesses who would be required to testify or for counsel to prepare the witnesses and to determine whether any testimony would constitute MediaTek Wireless confidential information for which MediaTek Wireless might need to seek greater protection than the protective order in the underlying action provides.

LSI cannot reasonably claim that it had no choice on the timing because of an impending deadline. The docket for the action between LSI and Vizio indicates that the action began on October 20, 2010. (Docket Entry #1 in 08:10-cv-1602-AG-AJW). LSI served its first subpoenas on June 10, 2011. (*See* Hintz Decl., Ex. 3, at Exs. C and D). LSI had ample time to notice these depositions during the course of discovery in the underlying action or move to compel as to the June 10, 2011 subpoenas. The Subpoenas should be quashed and the Court should order that deposition testimony shall not be taken on the topics contained therein.

### D. The Deposition Of Wade Buckner Should Not Be Permitted

Wade Buckner was an employee of MediaTek Wireless from December 2010 to January 1, 2012; now, he is an employee of MediaTek USA. (Buckner Decl., Ex. 2, ¶ 4). Mr. Buckner's duties and responsibilities since starting work at MediaTek Wireless and continuing to today have not had anything to do with the MediaTek Inc. chips identified by LSI, any chips used in televisions or for decoding video or audio signals, or any Vizio products. (*See Id.* ¶ 6-9). To date, Mr. Buckner has not even worked on a project for MediaTek Wireless or MediaTek USA; he only has been involved in hiring. (*See Id.* ¶ 6, 8). It would be an extreme example of undue burden to force Mr. Buckner to be subjected to a deposition under these circumstances. The subpoena directed to him should be quashed.

### III. REQUEST FOR HEARING

Pursuant to LR CV-7(g), MediaTek Wireless and Wade Buckner hereby request an oral hearing on this Motion.

### IV. CONCLUSION

For the foregoing reasons, MediaTek Wireless and Wade Buckner respectfully request that the Court order that the Subpoenas be quashed or, in the alternative, that the Court issue a protective order prohibiting the taking of any deposition pursuant to the Subpoenas.

## CERTIFICATE OF CONFERENCE

Counsel for MediaTek Wireless and Wade Buckner has, in good faith, conferred or attempted to confer with counsel for LSI in an effort to resolve this dispute without court action. No agreement could be reached.

                                              Leslie C. Thorne

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2012, the following documents:

**NON-PARTY MEDIATEK WIRELESS, INC. AND WADE BUCKNER'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER;**

**ORDER;**

**DECLARATION OF KOU-HUNG LOH IN SUPPORT OF MEDIATEK WIRELESS, INC. AND WADE BUCKNER'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER;**

**DECLARATION OF WADE BUCKNER IN SUPPORT OF MEDIATEK WIRELESS, INC. AND WADE BUCKNER'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER;**

and

**DECLARATION OF JOHN M. HINTZ IN SUPPORT OF MEDIATEK WIRELESS, INC. AND WADE BUCKNER'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER**

were served on counsel for the parties identified below by email and Certified Mail, Return Receipt Requested at the addresses shown below:

Herbert J. Hammond, Esq. (Herbert.Hammond@tklaw.com)
Bruce S. Sostek, Esq. (Bruce.Sostek@tklaw.com)
Thompson & Knight LLP
1722 Routh Street – Suite 1500
Dallas, TX 75201
Tel.: (214) 969-1700

Kevin G. McBride, Esq. (kgmcbride@jonesday.com)
JonesDay
555 South Flower Street – 50th Floor
Los Angeles, CA 90071
Tel.: (213) 489-3939

_____
Leslie C. Thorne