IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LSI CORPORATION DBA LSI LOGIC CORPORATION, | § § § § § | |
| Plaintiff, | | |
| V. | § | A-12-CV-191  LY |
| VIZIO, INC., | § § § § | |
| Defendant. | | |

### ORDER

Before the Court are Non-Party MediaTek Wireless, Inc. and Non-Party Wade Buckner's Motion to Quash Subpoenas or, in the Alternative, Motion for a Protective Order, filed February 29, 2012 (Clerk's Dkt. #1), and the responsive pleadings; and LSI Corporation's Motion to Strike "Non-Party Mediatek Wireless, Inc. and Non-Party Wade Buckner's Response to LSI Corporation's Response to the Declaration of Adam Chang in Relation to Non-Party Mediatek Wireless, Inc. and Non-Party Wade Buckner's Motion to Quash Subpoenas or, in the Alternative, Motion for a Protective Order," filed May 10, 2012 (Clerk's Dkt. #18) and the responsive pleadings.

The motions were referred pursuant to 28 U.S.C. § 636(b)(1)(a), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas.

I.

LSI Corporation ("LSI") is the defendant in a lawsuit filed in the Central District of California (the "CA Case"). In the CA Case, LSI brings claims for patent infringement against Vizio, Inc. for patents relating to the decoding of high definition audio and video signals in televisions and DVD players sold by Vizio. According to LSI, the decoding of these signals occurs

at least in part in high definition audio/video decoder chips that are designed and manufactured by various non-party chip manufacturers, including MediaTek, Inc. located in Taiwan ("MediaTek-Taiwan"). The chip manufacturers sell the decoder chips to Original Design Manufacturers who then assemble for Vizio products containing the decoder chips. MediaTek Wireless, Inc. ("MediaTek Wireless") and Mediatek USA, Inc. ("MediaTek USA") are both subsidiaries of MediaTek-Taiwan, but are located in the United States. None of the MediaTek entities are parties to the CA case.

Beginning in June 2011, counsel for LSI issued various subpoenas to MediaTek USA and MediaTek Wireless. Although MediaTek-Taiwan was not served with the discovery requests, it has responded, both by serving objections and providing substantive responses. In the months thereafter, counsel for LSI and MediaTek-Taiwan have engaged in discussions regarding MediaTek-Taiwan voluntarily disclosing documents responsive to the subpoenas discovery, but LSI is not satisfied that the subpoenas have been fully responded to, by MediaTek-Taiwan, or the subsidiaries.

Pertinent to this motion, on February 16, 2012, LSI served subpoenas ad testificandum on: (1) MediaTek Wireless in Austin, Texas and Woburn, Massachusetts; (2) Wade Buckner in Austin, Texas; and (3) MediaTek USA in San Jose, California. The subpoenas sought information concerning the extent to which MediaTek-Taiwan's subsidiaries have access to technical information and source code LSI has unsuccessfully attempted to obtain voluntarily from MediaTek-Taiwan.[1] MediaTek-Taiwan has produced additional source code following the subpoenas, but LSI still seeks discovery regarding the access MediaTek-Taiwan's subsidiaries have to additional information.

---

[1] Taiwan is not a signatory to the Hague Convention, and thus MediaTek-Taiwan cannot be served with a subpoena, or otherwise compelled by LSI to provide discovery in this matter.

MediaTek Wireless and Buckner have filed this action, objecting to LSI's requests for deposition testimony as overly broad, seeking non-relevant information, and providing inadequate time for compliance.

## II.

Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it subjects a person to undue burden. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817-818 (5th Cir. 2004) (citing FED. R. CIV. P. 45(3)(A)(i)-(iv)). In determining whether a subpoena presents an undue burden on a non-party, the Court considers (1) the relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; (6) the burden imposed; and (7) the expense and inconvenience to the non-party. *Id.* at 818. The party moving to quash or modify a subpoena has the burden to prove "that compliance with the subpoena would be 'unreasonable and oppressive.'" *Id.* (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)).

## III.

On April 16, 2012, the Court held a hearing on the motion to quash. At the hearing, counsel for MediaTek Wireless and Buckner represented that, despite their objection to the discovery, they had nonetheless responded by producing all responsive documents in their possession. Counsel also represented that MediaTek Wireless and MediaTek USA had produced all of the responsive documents they had the ability to obtain from MediaTek-Taiwan, and that further responsive documents, if any, would be in the possession of MediaTek-Taiwan. Because this latter point was not in an evidentiary form in the record, the Court asked counsel if he could submit a declaration to

this effect, and counsel agreed to do so.  On April 20, 2012, the movants filed the declaration of Adam Chang ("Chang"), who describes himself as "a Manager at MediaTek Inc." (which the court has referred to herein as MediaTek-Taiwan).  In his declaration, Chang states MediaTek Wireless and MediaTek USA have only limited access to information about MediaTek-Taiwan's chips, code, and documents.  Chang states he personally collected and produced to LSI all of the information responsive to the subpoenas that is in MediaTek-Taiwan's possession that is also available to MediaTek Wireless and MediaTek USA.

LSI contends Chang's declaration is insufficient.  LSI complains Chang fails to explain why he, as an employee of MediaTek-Taiwan, did not produce all the documents to which he has access, but instead limited the production to only those documents which the MediaTek subsidiaries can access.  LSI further complains Chang did not explain why the MediaTek subsidiaries do not have greater access to the information sought, and did not address in any way the subpoena topics aimed at gathering information regarding communication between MediaTek-Taiwan and its subsidiaries.  LSI maintains it "is simply seeking to depose a corporate representative of MediaTek Wireless for the limited purpose of determining the extent to which MediaTek Wireless has access to documents and information in the custody of MediaTek-Taiwan."  (Clerk's Dkt. #16 at 4).

MediaTek Wireless and Buckner, in turn, argue LSI has incorrectly framed the issue before the Court.  They contend the two subpoenas that are the subject of their motion to quash are broader in scope than the characterization quoted above.  They also maintain even the limited scope of discovery now sought by LSI is unnecessary as Chang's declaration makes clear all information to which MediaTek Wireless and MediaTek USA have access has been produced.  Finally, Buckner

points out his uncontested declaration establishes he has no personal knowledge of the topics identified in the subpoena served upon him.[2]

Upon review of Chang's declaration, the Court finds LSI's characterization well taken. Chang is not an employee of either MediaTek subsidiary. Rather, he is an employee of MediaTek-Taiwan. As such, it is not apparent how he could have personal knowledge of the extent to which responsive documents are in the "possession, custody or control" of MediaTek Wireless. *See* FED. R. CIV. P. 45(a)(1)(A)(iii) (subpoena may direct production of documents within person's possession, custody or control). Nor is his declaration precisely clear on the process by which MediaTek Wireless may obtain documents from MediaTek-Taiwan or the limits on that process. And he does not explain the source of his statements regarding what the subsidiaries do, and do not, have access to, related to the subpoenaed documents.

A party is permitted to inquire into relevant topics in discovery, including "discovery [which] appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). In this case, LSI has propounded discovery requests which seek information regarding:

- The ability of any U.S.- and/or internationally-based MediaTek entity to access or obtain information from any other MediaTek entity regarding the categories of documents sought by LSI's various subpoenas to MediaTek. (Topic 1);

- The manner, means, methods, or devices by which the MediaTek entities communicate with each other. (Topic 2);

---

[2] LSI has moved to strike the pleading filed by MediaTek Wireless and Buckner in response to LSI's response to the declaration of Chang. Clerk's Dkt. #18. LSI contends the pleading was filed without permission and in contravention of the Federal Rules of Civil Procedure. MediaTek Wireless and Buckner maintain they were granted oral permission to file the pleading during the Court's April 20, 2012 hearing. Finding no prejudice to LSI will flow from allowing the filing, the Court will deny LSI's Motion to Strike.

• The manner, means, methods, or devices by which the MediaTek entities communicate when working with and managing multi-site and multi-cultural teams both domestically and internationally. (Topic 3);

• Access to databases maintained by any of the MediaTek entities by any other MediaTek entity. (Topic 4);

• Any and all means by which any MediaTek entity may access or obtain information regarding (a) Accused Vizio Products; (b) Decoder Development Data and/or (c) Vizio Communications. (Topic 5);

• Any and all methods or means by which MediaTek Wireless Inc. or any other MediaTek entity may access the categories of documents sought by LSI's various subpoenas to MediaTek. (Topic 6);

• The location(s) of all (a) sales and marketing data, (b) financial data, (c) design data, (d) Decoder Development Data, (e) technical data or information, and (f) any local or central repository for backup or storage of communications among the MediaTek entities. (Topic 7); and

• The description, nature, and identification of any documents provided to MediaTek Wireless Inc. by AmTran or Vizio pertaining to any Vizio products made, assembled, or sold to AmTran since January 1, 2004. (Topic 8).

LSI maintains that the topics identified by LSI are aimed at discovering the extent to which admissible evidence may be obtained from MediaTek Wireless by determining its ability to obtain responsive documents. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 165, 100 S. Ct. 960, 976 n.6 (1980) (Stevens, J., concurring) (noting courts have rejected narrow physical-possession test in determining control, "focusing instead on whether the subpoenaed party has a legal right to custody or control of the documents in question").[3]  As LSI points out, courts

---

[3] *See also, Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3rd Cir. 2004) (control defined as legal right to obtain required documents on demand); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995) (documents deemed to be within party's "possession, custody or control" for purposes of rules of civil procedure "if the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand"); *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (control defined as legal right to obtain required documents on demand).

have regularly permitted discovery of information from one corporation based on its relationship with, and ability to obtain documents from, a related corporate entity.[4] Accordingly, the Court declines to quash the deposition of a MediaTek Wireless corporate representative directed at the 8 topics set forth above.

The Court does, however, agree that LSI's subpoena of Wade Buckner should be quashed. Buckner has presented a declaration in which he states he has not been personally involved in the design or development of any of the computer chips at issue in the CA case, and has not had any involvement in the design or development of any computer chips that have functions related to the decoding of audio or video signals. LSI has not presented any argument or evidence suggesting Buckner is the appropriate corporate representative for the purpose of the deposition topics on which a deposition will be permitted. In fact, LSI concedes Buckner was selected based solely on information in his internet profile indicating he had a background in multi-site and multi-cultural teams. This is insufficient to overcome Buckner's declaration made under oath.

---

[4]*See, e.g., Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 164 (S.D. Tex. 2009) (concluding party's statement that predecessor's documents not in its possession was not wholly responsive, and party must also explain who had possession or control, and relationship to predecessor, and indicate whether it had legal right to obtain documents in predecessor's possession or whether it purchased them when it purchased predecessor); *Alexander v. F.B.I.*, 194 F.R.D. 299, 302 (D.D.C. 2000) (finding subpoena recipient's statement that she would produce any responsive documents that exist and that were in her possession and stating that no documents were produced because no additional responsive documents exist was insufficient because statement did not explain in detail search performed, including locations searched, and did not address whether all documents, including those not in her possession but still within her control, were produced); *Addamax Corp. v. Open Software Foundation, Inc.*, 148 F.R.D. 462, 468-69 (D. Mass. 1993) (ordering non-party corporation to produce documents in possession of related German corporation). *See also Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140–41 (3rd Cir.1988) (citing cases in which requisite control found between parents and subsidiaries, and sister corporations).

**IV.**

Accordingly, the Court **ORDERS** that Non-Party Mediatek Wireless, Inc. and Non-Party Wade Buckner's Motion to Quash Subpoenas or, in the Alternative, Motion for a Protective Order (Clerk's Dkt. #1) is **GRANTED IN PART AND DENIED IN PART** as set forth above. The Court **FURTHER ORDERS** that LSI Corporation's Motion to Strike (Clerk's Dkt. #18) is **DENIED**.

SIGNED this 22nd day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE